Pfeifer, J.,
dissenting.
{¶ 32} In cases like this — where the employer knows of a potential hazard regarding air quality in its workplace but does not periodically undertake testing to determine whether the air quality is safe and an employee suffers an injury related to air quality — the burden of proof should be placed on the employer to prove that it should not be liable for a violation of a specific safety requirement (“VSSR”). The employer in this case, Country Saw & Knife, Inc. (“Country Saw”), knew long before it hired the claimant, Troy Scott, that the environment in which its employees were working was potentially dangerous. Country Saw’s supplier provided Material Safety Data Sheets (“MSDSs”) indicating that “[d]ust from grinding * * * has the potential for causing transient or permanent respiratory disease, including occupational asthma and interstitial fibrosis, in a small percentage of exposed individuals”; that “[i]nterstitial fibrosis (lung scarring) can lead to permanent disability or death”; and that “cobalt dust is the most probable cause of such respiratory diseases.” Further, the Occupational Safety and Health Administration (“OSHA”) had established permissible exposure limits for cobalt and tungsten, above which an employer would be required to supply respiratory equipment to its employees pursuant to Ohio Adm.Code 4123:1-5-17(F) and implement processes for the minimization of air contaminants pursuant to Ohio Adm.Code 4123:l-5-18(C), (D), and (E). But Country Saw never bothered to check the levels of cobalt and tungsten in its workplace — an *101 employee testified that air quality had been checked in 1993, but also testified that he could find no report to substantiate that a test had occurred.
Boyd, Rummell, Carach, Curry, Kaufmann & Bins-Castronovo Co., L.P.A., and Walter Kaufmann, for appellant.
{¶ 33} The MSDS also contained detailed instructions for minimizing dust, but for the most part, Country Saw never implemented precautionary procedures. The comparative knowledge about health threats and the ability to minimize them were widely disparate between Country Saw and Scott: Country Saw had information from its supplier about potential threats and abatement strategies, as well as the wherewithal for testing and abatement, while Scott, on the other hand, had only the expectation, like all employees, that his employer would not put him in a dangerous situation. Scott is now profoundly injured, with no doubt that the cause of his illness was his exposure to metal dust in his workplace.
{¶ 34} This case should be remanded for a shifting of the burden of proof. On remand, the fact that Scott suffered a work-related illness would not in itself be determinative of whether Country Saw violated a specific safety rule; the level of metal dust in the air would determine whether Country Saw is liable. But who should bear the burden of proving what the air-quality levels were at or near the time of the accident? It should certainly be the party who had knowledge of the potential danger and the ability to institute periodic testing. If Scott makes the prima facie case that Country Saw knew of air-quality dangers from its supplier and did not test for air quality and that Scott suffered an injury related to air quality, the burden should shift to Country Saw to prove that it is not liable for a VSSR. Country Saw would have to do better than it did below to make its case— better than relying on a test performed by OSHA under circumstances that the claimant alleges were not substantially similar to the conditions he worked under.
{¶ 35} The result reached by the majority encourages employers to ignore MSDSs provided by suppliers of potentially dangerous materials and discourages periodic testing of air quality in situations where air contamination is a known risk.
{¶ 36} Finally, the employer in the case relied on by the majority, State ex rel. Gilbert v. Indus. Comm., 116 Ohio St.3d 243, 2007-Ohio-6096, 877 N.E.2d 979, is another employer that failed to check air-quality levels after being informed by a supplier of the potentially dangerous respiratory effects of its product. Since this court failed to place the burden of proof on the employer in that case, Gilbert should be overruled.
*102 Michael DeWine, Attorney General, and Cheryl J. Nester and Colleen C. Erdman, Assistant Attorneys General, for appellee Industrial Commission.
Fitch, Kendall, Cecil, Robinson & Barry Co., L.P.A., and Timothy A. Barry, for appellee Country Saw & Knife, Inc.